## BIVONA v STATE OF FLORIDA

Case No. 89-0007-AC A02 (County Court Case No. 88-31989-TC A04)

Fifteenth Judicial Circuit, Palm Beach County

March 7, 1990

### APPEARANCES OF COUNSEL

**Robert L. Saylor, Esquire,** for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before CARLISLE, COHEN, COLBATH, JJ.

### OPINION OF THE COURT

CARLISLE, J.

The issue in the case is waiver of jury trial.

On November 15, 1988, appellant appeared before the county court, charged with fleeing and eluding. He signed a document acknowledging

he had been advised of his right to counsel and that he intended to employ his own attorney. He also signed a written Waiver of Jury Trial form, which states as follows:

"My right to a jury trial having been first duly explained to me, I hereby waive my right to trial by jury and request that I be tried by the court without a jury."

On that date the case was set for trial on January 9, 1989. On November 30, 1988, counsel filed a praecipe of appearance and demanded trial by jury. The State furnished discovery, pursuant to counsel's demand. The case was set for trial in the South County Courthouse, where there are no jury trials.

It should be noted that counsel has practiced criminal law in Palm Beach County for many years and should be aware of the fact that there are no jury trials in the South County Courthouse.

On January 9, 1989, appellant showed up for trial, accompanied by counsel. Counsel stated he did not know his client had waived jury trial, that the case had "kind of snuck up on" him. The Court responded by stating that on November 15, 1988, Bivona told the court that counsel would represent him and had instructed him what to do. The State had produced its witnesses and was ready to proceed to trial. The trial court denied the Motion for Jury Trial and ultimately found Bivona guilty.

Appellant argues that since he was unrepresented at the time he executed the Waiver of Jury Trial, the waiver is a nullity. This is patently absurd. One need not have the advice of counsel in order to waive jury trial, *United States v Tobias,* 662 F.2d 381. The eleventh hour assertion of right to jury trial is nothing more than a blatant attempt to delay justice and to frustrate the State's witnesses.

That an attorney as experienced as defense counsel filed a praecipe and demanded discovery, but was unaware of the waiver of jury trial, strains credulity. For now we are willing to grant the benefit of the doubt. But there is a limit to our endurance.

Affirmed.

COHEN, COLBATH, JJ. - concur.